UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| Benjamin Alli and Shaki Alli, | Court No.: |
| Plaintiffs, | |
| v. | **COMPLAINT** |
| Credence Resource Management, LLC, | |
| Defendant. | **JURY TRIAL DEMANDED** |

INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The Telephone Consumer Protection Act ("TCPA") was designed to prevent calls like the ones described within this Complaint, and to protect the privacy

of citizens like the Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." *Id.* at §§ 12-13. *See also, Mims*, 132 S. Ct. at 744.

5. Benjamin Alli and Shaki Alli (the "Allis" or "Plaintiffs"), through their attorneys, brings this action to challenge the actions of Credence Resource Management, LLC, ("Credence" or "Defendant") with regard to attempts by Credence to unlawfully and abusively collect a debt allegedly owed by the Allis, and this conduct caused the Allis damages.

6. The Allis make these allegations on information and belief, with the exception of those allegations that pertain to the Allis, which the Allis allege on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

8. Unless otherwise stated, all the conduct engaged in by Credence took place in Michigan.

9. Any violations by Credence were knowing, willful, and intentional, and Credence did not maintain procedures reasonably adapted to avoid any such specific violation.

10. Through this complaint, the Allis do not allege that any state court judgment was entered against anyone in error, and the Allis do not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

11. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), 47 U.S.C. §227(b) and *Mims v. Arrow Fin. Servs. LLC*, 132 S. Ct. 740 (2012).

12. This action arises out of Credence's violations of the TCPA, FDCPA, and Article 9 of the Michigan Occupational Code on Debt Collection.

13. Because Credence does business within the State of Michigan, personal jurisdiction is established.

14. Venue is proper pursuant to 28 U.S.C. § 1391.

15. At all times relevant, Credence conducted business within the State of Michigan and the violations alleged occurred in the State of Michigan.

## PARTIES

16. Benjamin Alli is a natural person who resides in the City of Grosse Pointe Farms, State of Michigan.

17. Shaki Alli is a natural person who resides in the City of Grosse Pointe Farms, State of Michigan.

18. Credence is located in the City of Dallas, State of Texas.

19. Benjamin Alli is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20. Shaki Alli is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. Benjamin Alli is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3) and MCL § 339.901(1)(f).

22. Shaki Alli is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3) and MCL § 339.901(1)(f).

23. The Allis are informed and believe, and thereon allege, that Credence is, and at all times mentioned herein was, a Texas corporation doing business in Michigan and is a "person," as defined by 47 U.S.C. § 153(39).

24. Credence is a person who used an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

25. Credence is a person that is directly engaged in collecting or attempting to collect a claim owed or due or asserted to be owed or due another, or repossessing or attempting to repossess a thing of value owed or due or asserted to be owed or due another person, arising out of an expressed or implied agreement and is therefore a collection agency as that term is defined by MCL § 339.901(1)(b).

26. Credence is a licensed collection agency with the Michigan Department of Licensing and Regulatory with a license number of 2401002707.

27. The Allis are informed and believe, and thereon allege, that Credence is a corporation and owner (or frequent user) of one or more of the telephone numbers used by Credence to make telephone calls to Plaintiff in violation of the TCPA.

## FACTUAL ALLEGATIONS

28. Sometime before January 21, 2017 the Allis are alleged to have incurred certain financial obligations ("the Debt") related to the purchase of consumer goods for personal use.

29. These financial obligations were primarily for personal, family or household purposes and were therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

30. Sometime on or before January 21, 2017, the Allis began to receive telephone calls from Credence about the Debt.

31. The Debt related to an allegedly delinquent "Direct TV Account."

32. At no time did the Allis ever have a "Direct TV Account" or any other business relationship with Direct TV.

33. At no time did the Allis ever enter into a business relationship with Credence.

## *Calls in Violation of the TCPA*

34. On or about January 21, 2016, and at least one hundred and twenty-two (122) times thereafter, Defendant initiated a telephone call to the Allis telephone numbers ending in 0641, 2777, and 8674.

35. Upon information and belief, Defendant placed these calls using an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

36. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

37. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

38. Upon information and belief, the ATDS used by Defendant also has the capacity to, and does, dial telephone numbers stored as a list or in a database without human intervention.

39. Defendant used an ATDS when it made the phone calls described above because when Plaintiffs answered the calls, Plaintiffs noted a "pause" before a live person appeared on the line which is "characteristic of an automated dialer." *See, e.g.*, *Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937, 945 (C.D. Cal. 2015); *ATDSOliver v. DirecTV, LLC*, No. 14-cv-7794, 2015 U.S. Dist. LEXIS 47964, at *11-12 (N.D. Ill. Apr. 13, 2015) ("allegation regarding the

'momentary pause,' along with his other allegations regarding Defendant's phone calls, are sufficient to draw a reasonable inference that Defendant used an ATDS"); *Lofton v. Verizon Wireless (VAW) LLC*, No. 13-cv-05665-YGR, 2015 U.S. Dist. LEXIS 34516, at *17 (N.D. Cal. Mar. 18, 2015) ("descriptions of the 'telltale' pause after plaintiff picked up each call until the agent began speaking, which suggests the use of a predictive dialing system").

40. Defendant used an ATDS when it made the phone calls described above because, among other things, Defendant is a major financial servicer that services a large amount of consumer accounts and likely needs a "sophisticated phone system" capable of "storing phone numbers and dialing them automatically." *See, e.g., Thomas v. Dun & Bradstreet Credibility Corp.*, 100 F. Supp. 3d 937, 945 (C.D. Cal. 2015).

41. Upon information and belief, the website for Credence is http://credencerm.com/.

42. According to Credence's website, Credence offers "third party collection services" using "automated technology[.]"

43. Defendant's calls was placed to telephone numbers assigned to a cellular telephone service for which the Allis incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

44. Credence did not have prior express written consent to place the calls to the Allis.

45. Regardless of any conceivable or theoretical prior express consent to place the calls to the Allis, on or after January 21, 2017 the Allis repeatedly orally requested that Credence stop calling the Allis's phone numbers—thus revoking any possible prior express consent previously given.

46. On or about January 24, 2017, the Allis sent a letter to Credence requesting that all calls "stop immediately."

47. On or about January 27, 2017, the Allis sent a second letter to Credence noting that the Allis did not owe the Debt and requesting that Credence "[p]lease stop the calls."

48. The January 24, 2017 letter and the January 27, 2017 letter were not returned for failure of delivery and are assumed to have been received by Credence.

49. Credence continued to call the Allis after receiving oral and written requests to stop calling the Allis.

50. Credence's calls were made using an ATDS and/or artificial and/or prerecorded voice.

51. Credence willfully and knowingly continued to call the Allis using an ATDS and/or artificial and/or prerecorded voice even though it knew it did not have prior express written consent and that the Allis had revoked any possible or conceivable consent ever given.

52. The telephonic communication by Defendant, or its agent(s), violated 47 U.S.C. § 227(b)(1).

### *Collection Practices in Violation of the FDCPA and Michigan Occupational Code*

53. Credence attempted to collect a debt that the Allis did not owe.

54. Through this conduct, Defendant used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

55. Through this conduct, Defendant made a false representation concerning the character, amount, or legal status of a debt. Consequently, Defendant violated 15 U.S.C. § 1692e(2)(A).

56. Through this conduct, Defendant used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendant violated 15 U.S.C. § 1692f.

57. Through this conduct, Defendant made an inaccurate, misleading, untrue or deceptive statement or claim in a communication to collect a debt. Consequently, Defendant violated MCL § 339.915(e).

58. Additionally, Defendant failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a

statement that if Plaintiff notified Defendant in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant and that Defendant would provide Plaintiff with the name and address of the original creditor. This omission by Defendant violated 15 U.S.C. § 1692g and MCL § 339.918(1).

59. The Allis clearly communicated to Credence in writing that they disputed the Debt and did not owe the Debt.

60. Despite the communication in writing to Credence from the Allis that the Allis disputed the Debt, Credence continued to contact the Allis by phone to attempt to collect the Debt without first mailing the Allis verification or the name and address of the original creditor.

61. Through this conduct, Defendant failed to cease collection of the Debt, or any dispute portion thereof, before obtaining and mailing verification of the Debt and the name and address of the original creditor to the Allis. Consequently, Defendant violated 15 U.S.C. § 1692g(b) and MCL § 339.918(2).

62. Credence called the Allis at least one hundred and twenty-three (123) times with the vast majority of those calls coming after the Allis requested that Credence stop calling the Allis.

63. Additionally, the Allis informed Credence multiple times that Benjamin Alli had recently suffered a stroke and was undergoing medical care which forced him to sleep frequently.

64. The Allis further informed Credence that the calls from Credence would wake Benjamin Alli up and disturb him to the point it negatively impacted his illness.

65. Through this conduct, Defendant caused a telephone to ring or engaged a person in telephone conversations repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. Consequently, Defendant violated 15 U.S.C. § 1692d(5).

66. Through this conduct, Defendant used a harassing, oppressive, or abusive method to collect a debt, including causing a telephone to ring or engaging a person in telephone conversation repeatedly, continuously, or at unusual times or places which are known to be inconvenient to the debtor. Consequently, Defendant violated MCL § 339.915(n).

*Damages*

67. Credence wasted the Allis's time by calling the Allis when Credence had no right to call the Allis.

68. Credence consumed and wasted the Allis cell phone battery life.

69. Credence caused the Allis to suffer the frustration and annoyance the TCPA was enacted to prevent. *See, e.g., Mey v. Got Warranty, Inc.*, No. 5:15-

CV-101, 2016 U.S. Dist. LEXIS 84972, at *8 (N.D.W. Va. June 30, 2016) ("[S]uch calls also cause intangible injuries, regardless of whether the consumer has a prepaid cell phone or a plan with a limited number of minutes. The main types of intangible harm that unlawful calls cause are (1) invasion of privacy, (2) intrusion upon and occupation of the capacity of the consumer's cell phone, and (3) wasting the consumer's time or causing the risk of personal injury due to interruption and distraction.")

70. Credence exacerbated Benjamin Alli's illness due the recent stroke he suffered.

71. Credence woke the Allis up from sleep on a repeated basis, interfering with their sleep schedules and causing the Allis exhaustion.

72. Credence infringed upon the Allis right to not be subject to abusive, illegal and unfair debt collection practices.

73. Credence caused an invasion of the Allis privacy by calling the Allis repeatedly and attempting to collect a debt the Allis did not owe.

74. Credence caused the Allis emotional distress and embarrassment by calling the Allis repeatedly and attempting to collect a debt the Allis did not owe.

## CAUSES OF ACTION

### COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

75. The Allis incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, et seq.

77. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq, the Allis are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B).

78. The Allis are also entitled to and seek injunctive relief prohibiting such conduct in the future.

### COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

79. The Allis incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

80. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

81. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*, the Allis are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

82. Plaintiff is also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

83. The Allis incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

84. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

85. As a result of each and every violation of the FDCPA, the Allis are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## COUNT IV

### NEGLIGENT VIOLATIONS OF ARTICLE NINE OF THE MICHIGAN OCCUPATIONAL CODE ON DEBT COLLECTION MCL § 339.900 ET SEQ.

86. The Allis incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

87. The foregoing acts and omissions constitute numerous and multiple violations of Article Nine of the Michigan Occupational Code on Debt Collection, including but not limited to each and every one of the above-cited provisions of Article Nine of the Michigan Occupational Code on Debt Collection, MCL § 339.900 et seq.

88. As a result of each and every negligent violation of Article Nine of the Michigan Occupational Code on Debt Collection, the Allis are entitled to any actual damages or statutory damages in an amount of at least $50.00, whichever is greater, and reasonable attorneys' fees and costs from Defendant pursuant to MCL § 339.916(2).

## COUNT V

### WILLFUL VIOLATIONS OF ARTICLE NINE OF THE MICHIGAN OCCUPATIONAL CODE ON DEBT COLLECTION MCL § 339.900 ET SEQ.

89. The Allis incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

90. The foregoing acts and omissions constitute numerous and multiple violations of Article Nine of the Michigan Occupational Code on Debt Collection, including but not limited to each and every one of the above-cited provisions of Article Nine of the Michigan Occupational Code on Debt Collection, MCL § 339.900 et seq.

91. As a result of each and every willful violation of Article Nine of the Michigan Occupational Code on Debt Collection, the Allis are entitled to at least three times their actual damages or statutory damages in an amount of at least $150.00, whichever is greater, and reasonable attorneys' fees and costs from Defendant pursuant to MCL § 339.916(2).

## COUNT VI

### NEGLIGENCE

92. The Allis incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

93. Defendant had a duty to refrain from contacting the Allis after the Allis informed the Defendant that the Allis did not owe the Debt.

94. Defendant breached that duty by continuing to contact the Allis on their cellular telephone.

95. Defendant caused the Allis damages as noted above.

96. As a result, the Allis are entitled to actual damages.

## PRAYER FOR RELIEF

WHEREFORE, the Allis pray that judgment be entered against Defendant, and the Allis be awarded damages from Defendant, as follows:

### COUNT I

### NEGLIGENT VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

- As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

- Any and all other relief that the Court deems just and proper.

### COUNT II

### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA
### 47 U.S.C. §§ 227 ET SEQ.

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Any and all other relief that the Court deems just and proper.

## COUNT III

### FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692 ET SEQ.

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

- An award of costs of litigation and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT IV

### NEGLIGENT VIOLATIONS OF ARTICLE NINE OF
### THE MICHIGAN OCCUPATIONAL CODE ON DEBT COLLECTION
### MCL § 339.900 ET SEQ.

- An award of actual damages or $50.00, whichever is greater;

- An award of costs of litigation and reasonable attorneys' fees, pursuant to MCL § 339.916(2).

## COUNT V

### WILLFUL VIOLATIONS OF ARTICLE NINE OF
### THE MICHIGAN OCCUPATIONAL CODE ON DEBT COLLECTION
### MCL § 339.900 ET SEQ.

- An award of at least three times the actual damages or $150.00, whichever is greater;

- An award of costs of litigation and reasonable attorneys' fees, pursuant to MCL § 339.916(2).

## COUNT VI

## NEGLIGENCE

- An award of actual damages.

## JURY DEMAND

97. Pursuant to the seventh amendment to the Constitution of the United States of America, the Allis are entitled to, and demand, a trial by jury.

**HYDE & SWIGART**

Date: April 18, 2017

By: /s/ Anthony Chester
Anthony P. Chester
Attorney Number: P77933
**HYDE & SWIGART**
120 South 6th Street, Suite 2050
Minneapolis, MN 55402
Telephone: (952) 225-5333
Facsimile: (800) 635-6425
Email: tony@westcoastlitigation.com

*Attorneys for Benjamin Alli and Shaki Alli*